CAULKINS (SIMPSON v.). See Case No. 12,880.

# Case No. 2,526.

## CAUSEY v. The SHARK.

[New York Times, May 4, 1862.]

District Court, N. D. New York.

COLLISION—DARK NIGHT—SPEED — BOTH VESSELS IN FAULT.

[Where a collision between two schooners was caused by the failure of both to maintain such lookouts as the darkness of the night, the locality. and the speed of the vessels required, the resulting damage should be apportioned between them.]

In admiralty. This was a libel filed by [Peter F. Causey and others] the owners of the schooner Ship Carpenters, to recover the loss occasioned by her being sunk in a collision with the Shark, on the night of Dec. 1, 1860. The Ship Carpenters was bound up the coast from the Capes of Delaware, and the Shark was bound down the coast from New York. The testimony was very contradictory as to the facts of the collision. The Ship Carpenters was on the larboard tack. The witnesses differed as to the direction of the wind, but the court came to the conclusion, on the evidence, that it was W. N. W. to N. W. by W., and that the course of the Ship Carpenters was N. by E., thus making her close-hauled, while the Shark had the wind about three points free. The Shark was running about seven to eight knots an hour, and the Ship Carpenters five or six, and perhaps seven knots. The night was so dark and thick as to require unusual care in a locality where vessels are constantly meeting. On board the Ship Carpenters only the mate and the man at the wheel were on deck. The mate testified that he was forward of the foremast on the lookout; that he saw light ahead which he supposed was three points off their starboard bow; that he could not then see the hulk or sails of the vessel; that he immediately went aft and asked the man at the wheel how he was steering and was told north by east; that he looked at the compass and found it was so, and said to the wheelman, "You see that light?" and he said he did; that immediately after this, and while he was yet aft, he made out the sails of the vessel, which was then about four lengths or 320 feet off. The mate of the Shark testified that he looked at the compass about three minutes before the collision; that he then went forward on the lee side as far as the mainmast, and paused there and looked out; saw noth-

ing at first, and then all at once a light came in sight, and he sung out, and the lookout forward sung out at the same time; that he went forward pretty quick, as far as the foremast, when he made the vessel's sails standing across his bow, and about fifty feet off. A good deal of other testimony was given as to this lookout on the Shark.

Platt, Gerard & Buckley, for libelants.

Benedict & Beebe, for claimants.

HALL, District Judge, held that the evidence of the mate of the Ship Carpenters is enough to show that no proper lookout, such as was required by the darkness of the night, the speed of the vessel, and the number of vessels known to be in that neighborhood, was kept on board the Ship Carpenters. That she was not, therefore, free from fault. That as to the Shark, the testimony showed that the collision occurred very soon after the watch was changed; that for a short time before and during and after the change of watch, no very careful lookout was kept; that when the light of the Ship Carpenters was seen, it was seen almost simultaneously by the mate, who was nearly amidships, and by the lookout, who was near the jib; that it came suddenly upon the vision of both, and that they saw the sails almost at the same instant, and when the vessel was but a very short distance off. so short that nothing could then be done to avoid the collision. That all this is inconsistent with the keeping of such a lookout on board the Shark as her speed, the darkness of the night, and the locality required. That the Shark, therefore, was also in fault in this respect. That the speed of both vessels, if not entirely unjustifiable, was such as to require the most extraordinary vigilance of the most effective and constant lookout. The Pepperill, 1 Swab. 12; Union S. S. Co. v. New York & V. S. S. Co., 24 How. [65 U. S.] 307, 314. That both vessels being in fault in this case, the damages must be apportioned between them, without costs to either party.